RLM ASSOCIATES, INC. *vs.* CARTER MANUFACTURING CORP. June 2, 1969. The plaintiff (RLM) became manufacturer's representative of the defendant (Carter) in a territory including Philadelphia. RLM was entitled to a commission on all Carter's sales in the territory. Either Carter or RLM could terminate the arrangement on thirty days notice. After thirteen months of slight RLM success, Carter terminated RLM's representation only a few days before bids were to be opened by a Navy office in Philadelphia on an invitation to bid, discovered by RLM and brought by it to Carter's attention. On it RLM had expended some sales effort. Carter received the award. In this action by RLM to recover a commission the trial judge correctly refused to direct a verdict for Carter and to give certain instructions requested by Carter. The evidence permitted the conclusion that Carter's termination of the arrangement was in part based upon a desire to avoid paying a commission to RLM. The existence of such a motive would permit an inference that the termination was in bad faith. The charge and the denial of Carter's requests were consistent with principles stated in *Malloy* v. *Coldwater Seafood Corp.* 338 Mass. 554, 561–564. RLM, entitled to a commission on any sale in the territory, was not bound to show to what extent it had contributed to obtaining the award, although the evidence warranted the conclusion that RLM's efforts were as significant in this respect as could reasonably have been possible in this type of government procurement.

*Exceptions overruled.*

*John M. Reed* for the defendant.
*H. Erik Lund* for the plaintiff.